# EXHIBIT A

**In the Superior Court of the State of Arizona**

**In and For the County of** Maricopa

# CV2019-010953

## CIVIL COVER SHEET- NEW FILING ONLY
### (Please Type or Print)

Plaintiff's Attorney Troy P. Foster

Attorney Bar Number 017229

Is Interpreter Needed? ☐ Yes ☒ No

If yes, what language(s):

CLERK OF THE
SUPERIOR COURT
FILED
E. VAZQUEZ-DE-N

19 JUL 19  PM 4: 28

---

Plaintiff's Name(s): (List all)     Plaintiff's Address:          Phone #:        Email Address:

Brian Pizer

Daniel Noble

(List additional Plaintiffs on page two and/or attach a separate sheet).

Defendant's Name(s): (List All)

Rush Auto Recyclers, Inc.

Janet Rush

(List additional Defendants on page two and/or attach a separate sheet)

## RULE 26.2 DISCOVERY TIER OR MONETARY RELIEF CLAIMED:

**IMPORTANT: Any case category that has an asterisk (\*) MUST have a dollar amount claimed or Tier selected.** State the monetary amount in controversy or place an "X" next to the discovery tier to which the pleadings allege the case would belong under Rule 26.2.

☐ Amount Claimed $_____        ☐ Tier 1    ☐ Tier 2    ☐ Tier 3

## NATURE OF ACTION

Place an "X" next to the **one** case category that most accurately describes your primary case. **Any case category that has an asterisk (\*) MUST have a dollar amount claimed or Tier selected as indicated above.**

### 100 TORT MOTOR VEHICLE:

☐ 101 Non-Death/Personal Injury\*

☐ 102 Property Damage\*

☐ 103 Wrongful Death\*

## 110 TORT NON-MOTOR VEHICLE:

- [ ] 111 Negligence*
- [ ] 112 Product Liability – Asbestos*
- [ ] 112 Product Liability – Tobacco*
- [ ] 112 Product Liability – Toxic/Other*
- [ ] 113 Intentional Tort*
- [ ] 114 Property Damage*
- [ ] 115 Legal Malpractice*
- [ ] 115 Malpractice – Other professional*
- [ ] 117 Premises Liability*
- [ ] 118 Slander/Libel/Defamation*
- [x] 116 Other (Specify) Wages _____ *

## 120 MEDICAL MALPRACTICE:

- [ ] 121 Physician M.D.*     [ ] 123 Hospital*
- [ ] 122 Physician D.O*      [ ] 124 Other*

## 130 & 197 CONTRACTS:

- [ ] 131 Account (Open or Stated)*
- [ ] 132 Promissory Note*
- [ ] 133 Foreclosure*
- [ ] 138 Buyer-Plaintiff*
- [ ] 139 Fraud*
- [ ] 134 Other Contract (i.e. Breach of Contract)*
- [ ] 135 Excess Proceeds-Sale*
- [ ] Construction Defects (Residential/Commercial)*
  - [ ] 136 Six to Nineteen Structures*
  - [ ] 137 Twenty or More Structures*
- [ ] 197 Credit Card Debt (Maricopa County Only)*

## 150-199 OTHER CIVIL CASE TYPES:

- [ ] 156 Eminent Domain/Condemnation*
- [ ] 151 Eviction Actions (Forcible and Special Detainers)*
- [ ] 152 Change of Name
- [ ] 153 Transcript of Judgment
- [ ] 154 Foreign Judgment

- [ ] 158 Quiet Title*
- [ ] 160 Forfeiture*
- [ ] 175 Election Challenge
- [ ] 179 NCC-Employer Sanction Action (A.R.S. §23-212)
- [ ] 180 Injunction against Workplace Harassment
- [ ] 181 Injunction against Harassment
- [ ] 182 Civil Penalty
- [ ] 186 Water Rights (Not General Stream Adjudication)*
- [ ] 187 Real Property *
- [ ] Special Action against Lower Courts
      (See Lower Court Appeal cover sheet in Maricopa)
- [ ] 194 Immigration Enforcement Challenge
      (A.R.S. §§1-501, 1-502, 11-1051)

## 150-199 UNCLASSIFIED CIVIL:

- [ ] Administrative Review
      (See Lower Court Appeal cover sheet in Maricopa)
- [ ] 150 Tax Appeal
      (All other tax matters must be filed in the AZ Tax Court)
- [ ] 155 Declaratory Judgment
- [ ] 157 Habeas Corpus
- [ ] 184 Landlord Tenant Dispute – Other*
- [ ] 190 Declaration of Factual Innocence (A.R.S. §12-771)
- [ ] 191 Declaration of Factual Improper Party Status
- [ ] 193 Vulnerable Adult (A.R.S. §46-451)*
- [ ] 165 Tribal Judgment
- [ ] 167 Structured Settlement (A.R.S. §12-2901)
- [ ] 169 Attorney Conservatorships (State Bar)
- [ ] 170 Unauthorized Practice of Law (State Bar)
- [ ] 171 Out-of-State Deposition for Foreign Jurisdiction
- [ ] 172 Secure Attendance of Prisoner
- [ ] 173 Assurance of Discontinuance
- [ ] 174 In-State Deposition for Foreign Jurisdiction
- [ ] 176 Eminent Domain– Light Rail Only*
- [ ] 177 Interpleader– Automobile Only*
- [ ] 178 Delayed Birth Certificate (A.R.S. §36-333.03)
- [ ] 183 Employment Dispute- Discrimination*

Case No _____

☐ 185 Employment Dispute-Other*          ☐ 163 Other*

☐ 196 Verified Rule 45.2 Petition          _____

☐ 195(a) Amendment of Marriage License              (Specify)

☐ 195(b) Amendment of Birth Certificate

### EMERGENCY ORDER SOUGHT

☐ Temporary Restraining Order   ☐ Provisional Remedy   ☐ OSC   ☐ Election Challenge

☐ Employer Sanction   ☐ Other (Specify) _____

### COMMERCIAL COURT (Maricopa County Only)

☐ This case is eligible for the Commercial Court under Rule 8.1, and Plaintiff requests assignment of this case to the Commercial Court. More information on the Commercial Court, including the most recent forms, are available on the Court's website at:

  https://www.superiorcourt.maricopa.gov/commercial-court/.

**Additional Plaintiff(s):**

_____

_____

**Additional Defendant(s):**

_____

_____

EXHIBIT B

JEFF FINE
Clerk of the Superior Court
By Eufemia Vazquez-Fregoso, Deputy
Date 07/19/2019 Time 16:27:40
Description                     Amount
--------- CASE# CV2019-010953 ---------
CIVIL NEW COMPLAINT              333.00

TOTAL AMOUNT                     333.00
          Receipt# 27328257

Troy P. Foster #017229
**The Foster Group, PLLC**
518 East Willetta Street
Phoenix, Arizona 85004
Tel: 602-461-7990
tfoster@thefosterlaw.com

Kenneth Frakes
**Bergin Frakes Smalley & Oberholtzer**
4343 E. Camelback Road, #210
Phoenix, Arizona 85018
kfrakes@bfsolaw.com

*Attorneys for Plaintiffs*

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN THE COUNTY OF MARICOPA

BRIAN PIZER, a married man, and
DANIEL NOBLE, a married man, as
Individuals and on Behalf of Others
Similarly Situated,

      Plaintiffs,

vs.

RUSH AUTO RECYCLERS, INC., an
Arizona Corporation, and JANET RUSH,
a single woman,

      Defendants.

Case No. CV 2019-010953

**COMPLAINT**
**(Jury Trial Demanded)**

For their Complaint against Defendants, Rush Auto Recyclers, Inc. ("Corporate Defendant" or "the Company") and Janet Rush ("Individual Defendant" or "Ms. Rush"), Plaintiffs Brian Pizer and Daniel Noble ("Plaintiffs" or "Class Representatives"), referred to jointly as "the parties," allege as follows:

1

**Background Allegations and Jurisdiction**

1.      At all times relevant to this Complaint, Mr. Brian Pizer resided in Maricopa County, Arizona, and is a citizen of the State of Arizona.

2.      At all times relevant to this Complaint, Mr. Daniel Noble resided in Maricopa County, Arizona, and is a citizen of the State of Arizona.

3.      At all times relevant to this Complaint, the Company was an Arizona Corporation authorized to conduct, and conducting business, in Maricopa County, Arizona.

4.      Upon information and belief, Defendant Ms. Rush owns the Company.

5.      At all relevant times to this Complaint, Ms. Rush was the President of the Company.

6.      Defendant Ms. Rush exercises managerial responsibility and substantial control over the terms and work conditions of the Company's employees.  Among other things, Defendant Ms. Rush is authorized to hire and fire employees, supervise and control employee work schedules and conditions of employment, determine the rate and method of payment, maintain any employment records that may exist, and draft, implement, and enforce employee policies.

7.      Plaintiff Brian Pizer is a current employee and has worked for the Company since 2009.

8.      Plaintiff Daniel Noble was employed with the Company from February 2013 until he terminated in September 2018.

9.      At all times relevant to this Complaint, Defendant has employed Plaintiffs as tow truck drivers.

10.     The Corporate Defendant is an employer as defined in A.R.S. § 23-350(3).

11.     The prospective Class Members that Plaintiffs represent are current and former tow truck drivers of the Company, employed for some time during July 2016 to present ("Violative Period").

12.     At all times relevant to this Complaint, the Company has employed all prospective Class Members in the role of tow truck drivers during the Violative Period.

13.     Defendant is an employer as defined in 29 U.S.C. § 203(d).

14.     Plaintiffs and each prospective Class Member were Defendants' employees as defined in 29 U.S.C. § 203(3)(1) and Arizona law.

15.     Plaintiffs and each prospective Class Member were engaged in commerce on behalf of Defendant, as defined in the Fair Labor Standards Act ("the Act"). *See* 29 U.S.C. § 203(b); *see also* 29 C.F.R. § 776.9 ("[i]t is clear that the employees covered by the wage and hour provisions of the Act as employees 'engaged in commerce' are employees doing work involving or related to the movement of persons or things . . . among the several states or between any State and any place outside thereof.").

16.     Defendant is not exempt from paying Plaintiffs and each prospective Class Member for work performed as required by the Act and Arizona law.

17.     The acts and omissions forming the basis of this Complaint occurred in Arizona, primarily in Maricopa County.

18.     Jurisdiction and venue are appropriate in this Court pursuant to 29 U.S.C. § 216(b) and A.R.S. § 23-352 et seq.

**General Factual Allegations**

19.     Defendants provide services to customers throughout the State of Arizona.

20.     As part of that service, Defendants employ tow truck drivers to transport customers' vehicles to various locations.

21.     Upon information and belief, Defendants have employed more than 30 tow truck drivers during the Violative Period.

22.     As tow truck drivers, Plaintiffs and each prospective Class Member, are/were non-exempt employees for Defendants.

23.     Defendants' policies and representations acknowledge that Plaintiffs and each prospective Class Member are/were non-exempt employees.

24.     Throughout all times relevant, Defendants misclassified its tow truck drivers as exempt/salaried employees.

3

25.     Though tow truck drivers were required to track their hours on time sheets, Defendants did not pay the truck drivers based upon the time sheets.

26.     Rather, all tow truck drivers are/were paid the same amount each pay period regardless of the number of hours worked.

## Allegations Regarding Required Free Work

27.     Plaintiffs, and each prospective Class Member, is/was required to perform work for Defendants without compensation.

28.     Plaintiff Brian Pizer worked approximately 3.5 to 5.5 hours each week for which he was not paid.

29.     Plaintiff Daniel Noble worked approximately 8 to 12 hours each week for which he was not paid.

30.     Upon information and belief, each prospective Class Member was/is working between 3 and 12 hours each week for which he/she is/was not being paid.

31.     All of the work performed by Plaintiffs, and each prospective Class Member, was to benefit Defendants.

## Allegations Regarding Failure to Pay Overtime

32.     Defendants created a payroll record that purports to pay Plaintiffs an hourly rate, an overtime rate, commissions, and a bonus ("payroll record").

33.     Plaintiffs, and each prospective Class Member, were not informed of and do not know what the "commission" and "bonus" figures represent.

34.     The payroll records do not represent the hours/time Plaintiffs worked.

35.     The payroll records do not accurately pay Plaintiffs, and each prospective Class Member, the overtime that each worked.

36.     The payroll records do not comport with Plaintiffs, and each prospective Class Member's, time sheets.

37.     The payroll records reflect that each Plaintiff and prospective Class Member is paid the same amount regardless of the time worked.

4

38. Upon information and belief, the payroll records have been manipulated to create a salaried figure for the Plaintiffs and each prospective Class Member.

### Allegations Regarding Defendants' Willful Violation

39. Plaintiffs, and various Class Members, tracked the time worked on Defendants' behalf.

40. Defendants created a payroll record that disregards the hours worked.

41. Defendants created a payroll record that purports to pay an hourly and overtime rate.

42. Defendants actually pay/paid Plaintiffs, and each prospective Class Member, the same amount each pay period regardless of the hours worked.

43. Plaintiffs complained about Defendants' unlawful compensation.

44. Defendants' creation of the payroll record, as well as other overt actions, represent willful violations.

### Collective Action and Class Allegations

45. Plaintiffs bring this Class Action/Collective Action on their own behalves, and pursuant to Arizona Rules of Civil Procedure, Rules 23(a), (b)(2) and (b)(3) and Section 216(b) of the Act, on behalf of the following prospective Class Members ("Class Members").

46. The Class is initially defined as: any current or former employee of Defendants engaged as a Tow Truck Driver from July 17, 2016 to date of filing.

47. *Numerosity – Ariz.. R. Civ. P. 23(a)(1).* The number of Class Members is so numerous that joinder of all individuals to a single complaint would be impractical. Though the exact number of Class Members is unknown and in complete control of Defendants, based upon the number of facilities across the county, the number of front-line employees in these roles at any one time, and the significant turnover, it is reasonable to believe that there are a minimum of 30 prospective Class Members. The Class Members are readily identifiable from Defendants' employment and payroll records.

48.     *Commonality and Predominance – Ariz. R. Civ. P. 23(a)(2) and (b)(3).* There are questions of law and fact common to all Class Members.  These common questions include, but are not limited to:

    a.  Did Defendants fail to pay Class Members for hours worked?

    b.  Did Defendants misclassify Class Members as exempt and fail to pay required overtime?

49.     *Typicality – Ariz. R. Civ. P. 23(a)(3).*  Plaintiffs' claims are typical of all other Class Members.  Plaintiffs, like all other Class Members, were tow truck drivers that performed work for Defendants and were compensated/uncompensated in the same manner as other similarly-situated employees.

50.     *Adequacy of Representation – Ariz. R. Civ. P. 23(a)(4).*  Plaintiffs will fairly and adequately represent the Class Members.  Plaintiffs were employees during the Violative Period; Plaintiffs have the same non-conflicting interests as the other Class Members.  Plaintiffs have retained competent counsel that has experience in litigating Class Action and Collective Action matters, including certified Class Actions that involve employment and commercial litigation claims, including wage and hour matters.  As such, the Class Members' claims will be fairly and adequately represented by Plaintiffs and their counsel.

51.     *Superiority of Class Action – Ariz. R. Civ. P. 23(b)(3).*  A class action is superior to other available methods for adjudicating the claims effectively and efficiently. The adjudication through class will avoid potentially inconsistent and conflicting results of the asserted claim.  There will be no difficulty in managing the Class, and a single adjudication of the claim will substantially benefit the Class Members and the Court. Damages for individual Class Members are likely inadequate to justify the cost of individual litigation.  As such, absent class treatment, Defendants' willful violations of law inflicting significant damages in the aggregate would go unremedied.

52.     Class certification is also appropriate under *Ariz. R. Civ. P. 23(a) and (b) (2)* because Defendants have acted or refused to act on grounds generally applicable to the

Class Members, such that final injunctive relief or declaratory relief is appropriate to the Class as a whole.

53.    For all of the reasons outlined above, this matter could also be conditionally certified as a Collective Action pursuant to Section 216(b) of the Act.

### Claim:  Violation of FLSA and State Laws (Minimum Wage/Overtime) (Against All Defendants)

54.    Plaintiffs re-allege and incorporate by reference paragraphs 1-53 as if fully set forth herein.

55.    Defendants failed to pay Plaintiffs, and prospective Class Members, for work performed during the Violative Period in violation of the Act.

56.    Defendants misclassified Plaintiffs, and prospective Class Members, as exempt employees and failed to pay required overtime in violation of state and federal laws.

57.    Defendants created inaccurate records to support the misclassification and payment methods.

58.    Defendants' failures were willful.

59.    As such, Defendants failed to pay Plaintiffs and prospective Class Members the federal minimum wage and overtime.

60.    Defendants' actions also violated Arizona law wage laws.

61.    Plaintiffs, and each prospective Class Member, are entitled to recover all unpaid wages, withheld overtime, liquidated damages in an amount equal to the unpaid wages and overtime, reasonable attorneys' fees, and costs of the action.

62.    In addition, Plaintiffs, and each prospective Class Member, are entitled to recover treble damages for Defendants' failures.

### Relief Requested

**THEREFORE**, Plaintiffs, and each prospective Class Member, respectfully requests the following relief:

    A. An award of unpaid wages in an amount appropriate to proof adduced at trial pursuant to 29 U.S.C. § 207 and 216(b).

B. An award of liquidated damages in an amount appropriate to the proof adduced at trial pursuant to 29 U.S.C. § 216(b).

C. Statutory penalties for willful violations of 26 U.S.C. § 7434;

D. Punitive damages and attorneys' fees and costs pursuant to 29 U.S.C. § 216(b);

E. Treble damages and attorneys' fees and costs pursuant to A.R.S. § 23-355;

F. Pre- and post-judgment interest on the amount of unpaid wages; and

G. An Injunction against Defendants prohibiting further, and continued violations, of the Act.

**DATED** this _____ day of July, 2019.


**The Foster Group, PLLC**

Troy P. Foster
518 East Willetta Street
Phoenix, Arizona 85004
*Counsel for Plaintiffs*

**BERGIN FRAKES SMALLEY & OBERHOLTZER, PLLC**

Kenneth S. Frakes
4343 E. Camelback Road, #210
Phoenix, Arizona 85018
*Co-Counsel for Plaintiffs*

8

EXHIBIT C

CLERK OF THE
SUPERIOR COURT
FILED
E. VAZQUEZ, DEP

19 JUL 19 PM 4: 29

1
Troy P. Foster #017229
**The Foster Group, PLLC**
2
518 East Willetta Street
Phoenix, Arizona  85004
3
Tel: 602-461-7990
tfoster@thefosterlaw.com
4

5
Kenneth Frakes
**Bergin Frakes Smalley & Oberholtzer**
6
4343 E. Camelback Road, #210
Phoenix, Arizona 85018
7
kfrakes@bfsolaw.com

8
*Attorneys for Plaintiffs*

9

10
**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

11
**IN THE COUNTY OF MARICOPA**

12

| | |
|---|---|
| 13 BRIAN PIZER, a married man, and 14 DANIEL NOBLE, a married man, as Individuals and on Behalf of Others 15 Similarly Situated, 16                                                Plaintiffs, 17 vs. 18 RUSH AUTO RECYCLERS, INC., an 19 Arizona Corporation, and JANET RUSH, a single woman, 20                                                Defendants. | Case No.: CV 2019-010953  **CERTIFICATE OF COMPULSORY ARBITRATION**  **(Jury Trial Demanded)** |

21

22
        The undersigned certified that she knows the dollar limits and any other limitations

23
set forth by local rules of practice for the applicable superior court, and further certifies this

24
case *is not* subject to compulsory arbitration, as provided by Rules 72 through 76 of the

25

1

1  Arizona Rules of Civil Procedure because the amount of the award sought exceeds the

2  jurisdictional limit set forth in L.R. 3.10(a).

3      **DATED** this _____ day of July, 2019.

4

5  **The Foster Group, PLLC**                    **BERGIN FRAKES SMALLEY &**
                                                 **OBERHOLTZER, PLLC**
6

7

8  Troy P. Foster                                Kenneth S. Frakes
   518 East Willetta Street                      4343 E. Camelback Road, #210
9  Phoenix, Arizona 85004                        Phoenix, Arizona 85018
   *Counsel for Plaintiffs*                      *Co-Counsel for Plaintiffs*
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

2

EXHIBIT D

Clerk of the Superior Court
*** Electronically Filed ***
M. King, Deputy
8/7/2019 7:45:00 AM
Filing ID 10740498

1    Troy P. Foster #017229
     **The Foster Group, PLLC**
2    518 East Willetta Street
     Phoenix, Arizona 85004
3    Tel: 602-461-7990
     tfoster@thefosterlaw.com
4

5    *Attorneys for Plaintiffs*

6

          **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
7

8               **IN THE COUNTY OF MARICOPA**

9    BRIAN PIZER, a married man, and      Case No.: CV2019-010953
     DANIEL NOBLE, a married man, as
10   Individuals and on Behalf of Others
     Similarly Situated,                 **WAIVER OF SERVICE**
11

12                  Plaintiffs,

13    vs.

14    RUSH AUTO RECYCLERS, INC., an
     Arizona Corporation, and JANET RUSH,
15   a single woman,

16                Defendants.
17

18       ACKNOWLEDGMENT OF WAIVER OF SERVICE. I, Amy Gittler, on behalf of
19   RUSH AUTO RECYCLERS, INC. and JANET RUSH, acknowledge receipt of your
20   request that I waive service of a summons with respect to the above-referenced action.
21       I also have received a copy of the Complaint and Certificate of Compulsory
22   Arbitration in the action, two copies of this Waiver of Service, and a means by which I can
23   return the signed waiver to you without cost to me.
24       I agree to save the cost of service of a summons and an additional copy of the
25   complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting)

1

be served with judicial process in the manner provided by the Arizona Rules of Civil Procedure.

I Amy Gittler, on behalf of RUSH AUTO RECYCLERS, INC. and JANET RUSH, will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

DEFAULT JUDGMENT. I understand that a judgment may be entered against RUSH AUTO RECYCLERS INC. and JANET RUSH, if an answer or motion under Rule 12 is not served upon you within sixty (60) days after this waiver was sent, which was 07/24/2019, or within ninety (90) days after that date if the request was sent outside the United States. I swear or affirm under penalty of perjury that the contents of this Waiver are true and correct to the best of my knowledge and belief.

**I swear or affirm under penalty of perjury that the contents of this waiver are true and correct to the best of my knowledge and belief.**

*Amy J. Gittler*                                    *August 6, 2019*
_____                    _____
Amy Gittler, Esq.                                  Date
Counsel for Rush Auto Recyclers, Inc. &
Janet Rush

2

# EXHIBIT E

Troy P. Foster #017229
**The Foster Group, PLLC**
518 East Willetta Street
Phoenix, Arizona  85004
Tel: 602-461-7990
tfoster@thefosterlaw.com

*Attorneys for Plaintiffs*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN THE COUNTY OF MARICOPA

| | |
|---|---|
| BRIAN PIZER, a married man, and DANIEL NOBLE, a married man, as Individuals and on Behalf of Others Similarly Situated,<br><br>                                   Plaintiffs,<br><br>vs.<br><br>RUSH AUTO RECYCLERS, INC., an Arizona Corporation, and JANET RUSH, a single woman,<br><br>                                   Defendants. | Case No.: CV2019-010953<br><br><br>**NOTICE OF FILING**<br>**OPT-IN CONSENT TO JOIN FORM FOR BRIAN PIZER** |

        Plaintiff Brian Pizer, by and through his counsel hereby give notice of the filing of the Opt-In Consent to join form.

        RESPECTFULLY submitted this 23rd day of July, 2019.

                        **THE FOSTER GROUP, LLC**

                        By: /s/  Troy P. Foster_____
                        Troy Foster
                        *Attorneys for Plaintiff Brian Pizer*

1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## **CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on 23rd day of July 2019, my office electronically transmitted the foregoing to the clerk's office of the Arizona Superior Court for filing using the CM/ECF system, which will send notification of such filing to the CM/ECF registrants.

By: */s/* Jeanette Chavez

This 23rd day of July, 2019.

## <u>OPT-IN CONSENT TO JOIN FORM</u>

**Consent to Sue under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) and Arizona Wage Laws**

*Brian Pizer and Daniel Noble, et al.*
*v.*
*Rush Auto Recyclers, Inc. and Janet Rush*

*CV2019-010953*

*Fair Labor Standards Act and Arizona Wage Law Litigation*
(Maricopa County Superior Court, State of Arizona)

NAME: _BRIAN  PIZER_

1. I consent and agree to pursue my claims arising out of alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* and Arizona Wage Laws in connection with the above-referenced lawsuit.

2. I worked or work at **Rush Auto Recyclers, Inc. "the Company"**, as a tow truck driver from (date) _6/2010_ to (date) _To DA_ (include approximate dates if you do not know the exact dates).  _PRESENT_

3. Rush Auto Recyclers, Inc. required me to perform work without compensation.

4. Though the Company required me to fill out time sheets, I was not paid for all of the hours that I worked.  I was paid anywhere from 3 to 12 hours less per pay period than the hours that I actually worked.

5. The Company's payroll records did not match the time sheets that I submitted and did not accurately reflect the time worked.

6. Because the Company did not pay me what was on the time sheets, on some occasions, I did not record all of the hours that I worked.

7. The Company paid me the same amount each pay period regardless of the hours that I worked.

8. I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. and Arizona Wage Laws.  I hereby consent, agree, and opt-in to become a Plaintiff herein and be bound by any judgment of the Court or any settlement of this action.

9. I specifically authorize the Named Plaintiffs and their attorneys, Troy Foster of The Foster Group PLLC and Kenneth Frakes at Bergin, Frakes, Smalley & Oberholtzer, PLLC, as my agents to prosecute this lawsuit on my behalf and to negotiate a settlement of any and all claims I have against the Defendants in this litigation.

10. If this case does not proceed collectively, then I also consent to join any subsequent action to

1

assert these claims against the Defendants.

11.    In the event the case is certified and then decertified, I authorize Plaintiffs' counsel to use this form to re-file my claims in a separate or related action.

12.    I understand that I may withdraw my consent to proceed with my claims at any time by notifying the attorneys handling the matter.

7/22/19
(Date Signed)

(Signature)

BRIAN J PIZIK
(Print Name)

**\*\*IMPORTANT NOTE\*\***

Due to statute of limitations concerns, please return this form
as soon as possible to preserve your rights.

2

## Further Information Regarding Consent To Join Form

Print Name: _BRIAN PIZEL_

Street Address: _3405 S CHAPARRAL RD_

City, State, and ZIP: _APACHE JUNCTION AZ 85119_

Telephone Number(s):   (Home): _480-464-8789_

(Cell): _480-980-3511_

E-Mail Address: _BLSAT1@GMAIL.COM_

### Further information:

A.   This lawsuit seeks to recover damages for uncompensated work and failure to pay for overtime. It is illegal for any employer to retaliate against an individual for exercising his or her FLSA rights (such as by participating in this lawsuit, signing or submitting this document, or talking to attorneys about his or her rights to full compensation for work performed). **If you believe you are being retaliated against, please contact us.**

B.   We are happy to discuss employment rights with you. Please contact us at (480) 999-3812 (Troy Foster) or (602) 888-7858 (Ken Frakes).

### Instructions for submitting your Consent To Join:

C.   Please email, **_all three_** pages of this form to tfoster@thefosterlaw.com or mail to:

Troy Foster
The Foster Group PLLC
518 E. Willetta Street
Phoenix, Arizona 85004

D.   Do **_not_** submit these forms directly to a court or judge and do not submit them to your employer. These forms should be submitted by counsel in the context of ongoing litigation.

E.   We will submit consent to join forms on behalf of people whom we have determined have a potentially valid claim, based on what those people have told us about their job experiences and other factors. Ultimately, the court will decide if these people can participate in the case or not, and whether their claims are valid.

3

EXHIBIT F

Clerk of the Superior Court
*** Electronically Filed ***
M. De La Cruz, Deputy
7/25/2019 8:58:00 AM
Filing ID 10695641

1   Troy P. Foster #017229
    **The Foster Group, PLLC**
2   518 East Willetta Street
    Phoenix, Arizona  85004
3   Tel: 602-461-7990
    tfoster@thefosterlaw.com
4
5   *Attorneys for Plaintiffs*

6               **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

7                      **IN THE COUNTY OF MARICOPA**

8   BRIAN PIZER, a married man, and          Case No.: CV2019-010953
    DANIEL NOBLE, a married man, as
9   Individuals and on Behalf of Others
    Similarly Situated,
10                                                  **NOTICE OF FILING**
                                            **OPT-IN CONSENT TO JOIN FORM FOR**
11                           Plaintiffs,                **DANIEL NOBLE**

12  vs.

13  RUSH AUTO RECYCLERS, INC., an
    Arizona Corporation, and JANET RUSH,
14  a single woman,

15
                             Defendants.
16

17        Plaintiff Daniel Noble, by and through his counsel hereby give notice of the filing of the

18  Opt-In Consent to join form.

19
          RESPECTFULLY submitted this 25th day of July, 2019.
20

21                              **THE FOSTER GROUP, LLC**

22                              By: /s/ *Troy P. Foster*_____
                                Troy Foster
23                              *Attorneys for Plaintiff Brian Pizer*

24

25

                                          1

1

## **CERTIFICATE OF FILING AND SERVICE**

2

I hereby certify that on 25th day of July 2019, my office electronically transmitted the foregoing to the clerk's office of the Arizona Superior Court for filing using the CM/ECF system, which will send notification of such filing to the CM/ECF registrants.

3

4

By: */s/ Jeanette Chavez*

5

This 25th day of July, 2019.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## OPT-IN CONSENT TO JOIN FORM

### Consent to Sue under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) and Arizona Wage Laws

*Brian Pizer and Daniel Noble, et al.*
*v.*
*Rush Auto Recyclers, Inc. and Janet Rush*

*CV2019-010953*

*Fair Labor Standards Act and Arizona Wage Law Litigation*
(Maricopa County Superior Court, State of Arizona)

NAME: *Daniel Noble*

1. I consent and agree to pursue my claims arising out of alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* and Arizona Wage Laws in connection with the above-referenced lawsuit.

2. I worked or work at **Rush Auto Recyclers, Inc. "the Company"**, as a tow truck driver from (date)*Feb 2013* to (date)*10 2018* (include approximate dates if you do not know the exact dates).

3. Rush Auto Recyclers, Inc. required me to perform work without compensation.

4. Though the Company required me to fill out time sheets, I was not paid for all of the hours that I worked. I was paid anywhere from 3 to 12 hours less per pay period than the hours that I actually worked.

5. The Company's payroll records did not match the time sheets that I submitted and did not accurately reflect the time worked.

6. Because the Company did not pay me what was on the time sheets, on some occasions, I did not record all of the hours that I worked.

7. The Company paid me the same amount each pay period regardless of the hours that I worked.

8. I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. and Arizona Wage Laws. I hereby consent, agree, and opt-in to become a Plaintiff herein and be bound by any judgment of the Court or any settlement of this action.

9. I specifically authorize the Named Plaintiffs and their attorneys, Troy Foster of The Foster Group PLLC and Kenneth Frakes at Bergin, Frakes, Smalley & Oberholtzer, PLLC, as my agents to prosecute this lawsuit on my behalf and to negotiate a settlement of any and all claims I have against the Defendants in this litigation.

10. If this case does not proceed collectively, then I also consent to join any subsequent action to

assert these claims against the Defendants.

11. In the event the case is certified and then decertified, I authorize Plaintiffs' counsel to use this form to re-file my claims in a separate or related action.

12. I understand that I may withdraw my consent to proceed with my claims at any time by notifying the attorneys handling the matter.

7-23-19
(Date Signed)

(Signature)

Daniel Noble
(Print Name)

**\*\*IMPORTANT NOTE\*\***

Due to statute of limitations concerns, please return this form
as soon as possible to preserve your rights.

### Further Information Regarding Consent To Join Form

Print Name: _Daniel Noble_

Street Address: _1530 Sorenson_

City, State, and ZIP: _Prescott Az 86305_

Telephone Number(s):  (Home): _____

(Cell): _928 533 4324_

E-Mail Address: _75blazerdan@gmail.com_

### Further information:

A. This lawsuit seeks to recover damages for uncompensated work and failure to pay for overtime. It is illegal for any employer to retaliate against an individual for exercising his or her FLSA rights (such as by participating in this lawsuit, signing or submitting this document, or talking to attorneys about his or her rights to full compensation for work performed). **If you believe you are being retaliated against, please contact us.**

B. We are happy to discuss employment rights with you. Please contact us at (480) 999-3812 (Troy Foster) or (602) 888-7858 (Ken Frakes).

### Instructions for submitting your Consent To Join:

C. Please email, **all three** pages of this form to tfoster@thefosterlaw.com or mail to:

> Troy Foster
> The Foster Group PLLC
> 518 E. Willetta Street
> Phoenix, Arizona 85004

D. Do **not** submit these forms directly to a court or judge and do not submit them to your employer. These forms should be submitted by counsel in the context of ongoing litigation.

E. We will submit consent to join forms on behalf of people whom we have determined have a potentially valid claim, based on what those people have told us about their job experiences and other factors. Ultimately, the court will decide if these people can participate in the case or not, and whether their claims are valid.

3

EXHIBIT G

Clerk of the Superior Court
*** Electronically Filed ***
M. De La Cruz, Deputy
7/25/2019 9:06:00 AM
Filing ID 10695678

Troy P. Foster #017229
**The Foster Group, PLLC**
518 East Willetta Street
Phoenix, Arizona 85004
Tel: 602-461-7990
tfoster@thefosterlaw.com

*Attorneys for Plaintiffs*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN THE COUNTY OF MARICOPA

| | |
|---|---|
| BRIAN PIZER, a married man, and DANIEL NOBLE, a married man, as Individuals and on Behalf of Others Similarly Situated,<br><br>                             Plaintiffs,<br><br>vs.<br><br>RUSH AUTO RECYCLERS, INC., an Arizona Corporation, and JANET RUSH, a single woman,<br><br>                          Defendants. | Case No.: CV2019-010953<br><br>**NOTICE OF FILING OPT-IN CONSENT TO JOIN FORM FOR MICHAEL GUY** |

Plaintiff Michael Guy, by and through his counsel hereby give notice of the filing of the Opt-In Consent to join form.

RESPECTFULLY submitted this 23rd day of July, 2019.

**THE FOSTER GROUP, LLC**

By: /s/ Troy P. Foster
Troy Foster
*Attorneys for Plaintiff Brian Pizer*

## **CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on 23rd day of July 2019, my office electronically transmitted the foregoing to the clerk's office of the Arizona Superior Court for filing using the CM/ECF system, which will send notification of such filing to the CM/ECF registrants.

By: */s/ Jeanette Chavez*

This 23rd day of July, 2019.

https://mail.google.com/mail/u/0/?tab=wm&ogbl#inbox?projector=1

7/24/2019

IMG_7759.jpg

## OPT-IN CONSENT TO JOIN FORM

**Consent to Sue under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) and Arizona Wage Laws**

*Brian Pizer and Daniel Noble, et al.*

*v.*

*Rush Auto Recyclers, Inc. and Janet Rush*

*CV2019-010953*

*Fair Labor Standards Act and Arizona Wage Law Litigation*
(Maricopa County Superior Court, State of Arizona)

NAME: __MICHAEL A. GUY__

1.  I consent and agree to pursue my claims arising out of alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* and Arizona Wage Laws in connection with the above-referenced lawsuit.

2.  I worked or work at **Rush Auto Recyclers, Inc. "the Company"**, as a tow truck driver from (date)12/12 to (date)7-23-19 (include approximate dates if you do not know the exact dates).

3.  Rush Auto Recyclers, Inc. required me to perform work without compensation.

4.  Though the Company required me to fill out time sheets, I was not paid for all of the hours that I worked. I was paid anywhere from 3 to 12 hours less per pay period than the hours that I actually worked.

5.  The Company's payroll records did not match the time sheets that I submitted and did not accurately reflect the time worked.

6.  Because the Company did not pay me what was on the time sheets, on some occasions, I did not record all of the hours that I worked.

7.  The Company paid me the same amount each pay period regardless of the hours that I worked.

8.  I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. and Arizona Wage Laws. I hereby consent, agree, and opt-in to become a Plaintiff herein and be bound by any judgment of the Court or any settlement of this action.

9.  I specifically authorize the Named Plaintiffs and their attorneys, Troy Foster of The Foster Group PLLC and Kenneth Frakes at Bergin, Frakes, Smalley & Oberholtzer, PLLC, as my agents to prosecute this lawsuit on my behalf and to negotiate a settlement of any and all claims I have against the Defendants in this litigation.

10. If this case does not proceed collectively, then I also consent to join any subsequent action to

1

https://mail.google.com/mail/u/0/?tab=wm&ogbl#inbox?projector=1

7/24/2019

assert these claims against the Defendants.

11.    In the event the case is certified and then decertified, I authorize Plaintiffs' counsel to use this
form to re-file my claims in a separate or related action.

12.    I understand that I may withdraw my consent to proceed with my claims at any time by
notifying the attorneys handling the matter.



7-23-19
(Date Signed)                                              (Signature)

MICHAEL A. GUY
(Print Name)

**\*\*IMPORTANT NOTE\*\***

Due to statute of limitations concerns, please return this form
as soon as possible to preserve your rights.

2

IMG_7760.jpg

1/2

https://mail.google.com/mail/u/0/?tab=wm&ogbl#inbox?projector=1

7/24/2019

## Further Information Regarding Consent To Join Form

Print Name: **MICHAEL A. GUY**

Street Address: **514 N. HOME PL.**

City, State, and ZIP: **CHANDLER, AZ 85224**

Telephone Number(s):   (Home):

(Cell): **480-925-7751**

E-Mail Address: **1974mikeguy@gmail.com**

### Further information:

A.   This lawsuit seeks to recover damages for uncompensated work and failure to pay for overtime. It is illegal for any employer to retaliate against an individual for exercising his or her FLSA rights (such as by participating in this lawsuit, signing or submitting this document, or talking to attorneys about his or her rights to full compensation for work performed). **If you believe you are being retaliated against, please contact us.**

B.   We are happy to discuss employment rights with you. Please contact us at (480) 999-3812 (Troy Foster) or (602) 888-7858 (Ken Frakes).

### Instructions for submitting your Consent To Join:

C.   Please email, *all three* pages of this form to tfoster@thefosterlaw.com or mail to:

Troy Foster
The Foster Group PLLC
518 E. Willetta Street
Phoenix, Arizona 85004

D.   Do *not* submit these forms directly to a court or judge and do not submit them to your employer. These forms should be submitted by counsel in the context of ongoing litigation.

E.   We will submit consent to join forms on behalf of people whom we have determined have a potentially valid claim, based on what those people have told us about their job experiences and other factors. Ultimately, the court will decide if these people can participate in the case or not, and whether their claims are valid.

3

IMG_7761.jpg

1/2

# EXHIBIT H

Clerk of the Superior Court
*** Electronically Filed ***
M. De La Cruz, Deputy
8/7/2019 8:08:00 AM
Filing ID 10740530

Troy P. Foster #017229
**The Foster Group, PLLC**
518 East Willetta Street
Phoenix, Arizona 85004
Tel: 602-461-7990
tfoster@thefosterlaw.com

*Attorneys for Plaintiffs*

### IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

### IN THE COUNTY OF MARICOPA

| | |
|---|---|
| BRIAN PIZER, a married man, and DANIEL NOBLE, a married man, as Individuals and on Behalf of Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>RUSH AUTO RECYCLERS, INC., an Arizona Corporation, and JANET RUSH, a single woman,<br><br>Defendants. | Case No.: CV2019-010953<br><br>**NOTICE OF FILING OPT-IN CONSENT TO JOIN FORM FOR OSCAR GONZALEZ** |

Plaintiff Oscar Gonzalez, by and through his counsel hereby give notice of the filing of the Opt-In Consent to join form.

RESPECTFULLY submitted this 7th day of August, 2019.

**THE FOSTER GROUP, LLC**

By: /s/ Troy P. Foster
Troy Foster
*Attorneys for Plaintiff*

1

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on 7th day of August 2019, my office electronically transmitted the foregoing to the clerk's office of the Arizona Superior Court for filing using the CM/ECF system, which will send notification of such filing to the CM/ECF registrants.

By: */s/* Jeanette Chavez

This 7th day of August, 2019.

## Further Information Regarding Consent To Join Form

Print Name: _Oscar Gonzalez_

Street Address: _6755 N 83 Ave # 8103_

City, State, and ZIP: _Glendale Az 85303_

Telephone Number(s):   (Home): _____

(Cell): _623 418 2065_

E-Mail Address: _OSCARTHEKING68@GMAIL.com_

### Further information:

A.   This lawsuit seeks to recover damages for uncompensated work and failure to pay for overtime. It is illegal for any employer to retaliate against an individual for exercising his or her FLSA rights (such as by participating in this lawsuit, signing or submitting this document, or talking to attorneys about his or her rights to full compensation for work performed). **If you believe you are being retaliated against, please contact us.**

B.   We are happy to discuss employment rights with you. Please contact us at (480) 999-3812 (Troy Foster) or (602) 888-7858 (Ken Frakes).

### Instructions for submitting your Consent To Join:

C.   Please email, **all three** pages of this form to tfoster@thefosterlaw.com or mail to:

Troy Foster
The Foster Group PLLC
518 E. Willetta Street
Phoenix, Arizona 85004

D.   Do **not** submit these forms directly to a court or judge and do not submit them to your employer. These forms should be submitted by counsel in the context of ongoing litigation.

E.   We will submit consent to join forms on behalf of people whom we have determined have a potentially valid claim, based on what those people have told us about their job experiences and other factors. Ultimately, the court will decide if these people can participate in the case or not, and whether their claims are valid.

3

## OPT-IN CONSENT TO JOIN FORM

**Consent to Sue under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) and Arizona Wage Laws**

*Brian Pizer and Daniel Noble, et al.*
*v.*
*Rush Auto Recyclers, Inc. and Janet Rush*

*CV2019-010953*

*Fair Labor Standards Act and Arizona Wage Law Litigation*
(Maricopa County Superior Court, State of Arizona)

NAME: _Oscar F. Gonzalez_

1.  I consent and agree to pursue my claims arising out of alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* and Arizona Wage Laws in connection with the above-referenced lawsuit.

2.  I worked or work at **Rush Auto Recyclers, Inc. "the Company",** as a tow truck driver from (date) _6-1-13_ to (date) _____ (include approximate dates if you do not know the exact dates). _Present._

3.  Rush Auto Recyclers, Inc. required me to perform work without compensation.

4.  Though the Company required me to fill out time sheets, I was not paid for all of the hours that I worked.  I was paid anywhere from 3 to 12 hours less per pay period than the hours that I actually worked.

5.  The Company's payroll records did not match the time sheets that I submitted and did not accurately reflect the time worked.

6.  Because the Company did not pay me what was on the time sheets, on some occasions, I did not record all of the hours that I worked.

7.  The Company paid me the same amount each pay period regardless of the hours that I worked.

8.  I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. and Arizona Wage Laws.  I hereby consent, agree, and opt-in to become a Plaintiff herein and be bound by any judgment of the Court or any settlement of this action.

9.  I specifically authorize the Named Plaintiffs and their attorneys, Troy Foster of The Foster Group PLLC and Kenneth Frakes at Bergin, Frakes, Smalley & Oberholtzer, PLLC, as my agents to prosecute this lawsuit on my behalf and to negotiate a settlement of any and all claims I have against the Defendants in this litigation.

10. If this case does not proceed collectively, then I also consent to join any subsequent action to

1

assert these claims against the Defendants.

11. In the event the case is certified and then decertified, I authorize Plaintiffs' counsel to use this form to re-file my claims in a separate or related action.

12. I understand that I may withdraw my consent to proceed with my claims at any time by notifying the attorneys handling the matter.

_07-31-19_
(Date Signed)

_____
(Signature)

_____
(Print Name)

**\*\*IMPORTANT NOTE\*\***
Due to statute of limitations concerns, please return this form
as soon as possible to preserve your rights.

# EXHIBIT I

Clerk of the Superior Court
*** Electronically Filed ***
T. Hays, Deputy
8/15/2019 4:17:00 PM
Filing ID 10775075

1  Troy P. Foster #017229
   **The Foster Group, PLLC**
2  518 East Willetta Street
   Phoenix, Arizona  85004
3  Tel: 602-461-7990
   tfoster@thefosterlaw.com
4

5  Kenneth Frakes
   **Bergin Frakes Smalley & Oberholtzer**
6  4343 E. Camelback Road, #210
   Phoenix, Arizona 85018
7  kfrakes@bfsolaw.com

8  *Attorneys for Plaintiffs*

9          **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

10              **IN THE COUNTY OF MARICOPA**

11

12  BRIAN PIZER, a married man, and            Case No.: CV2019-010953
    DANIEL NOBLE, a married man, as
13  Individuals and on Behalf of Others
    Similarly Situated,
14                                              **FIRST AMENDED COMPLAINT**
                                                **(Jury Trial Demanded)**
15                          Plaintiffs,

16  vs.

17  RUSH AUTO RECYCLERS, INC., an
    Arizona Corporation, JANET RUSH, an
18  individual, and DAN RUSH, an
    individual,
19

20                          Defendants.

21       For their Complaint against Defendants, Rush Auto Recyclers, Inc. ("Corporate

22  Defendant" or "the Company"), Janet Rush ("Ms. Rush"), and Dan Rush ("Mr. Rush"),

23  Plaintiffs Brian Pizer and Daniel Noble ("Plaintiffs" or "Class Representatives"), referred to

    jointly as "the parties," allege as follows:
24

25

                                    1

## **Background Allegations and Jurisdiction**

1. At all times relevant to this Complaint, Mr. Brian Pizer resided in Maricopa County, Arizona, and is a citizen of the State of Arizona.

2. At all times relevant to this Complaint, Mr. Daniel Noble resided in Maricopa County, Arizona, and is a citizen of the State of Arizona.

3. At all times relevant to this Complaint, the Company was an Arizona Corporation authorized to conduct, and conducting business, in Maricopa County, Arizona.

4. Upon information and belief, Defendants Mr. and Ms. Rush owned the Company.

5. At all relevant times to this Complaint, Ms. Rush was the President of the Company.

6. Defendant Mr. and Ms. Rush exercised managerial responsibility and substantial control over the terms and work conditions of the Company's employees. Among other things, Defendants were authorized to hire and fire employees, supervise and control employee work schedules and conditions of employment, determine the rate and method of payment, maintain any employment records that may exist, and draft, implement, and enforce employee policies.

7. Plaintiff Brian Pizer is a current employee and has worked for the Company since 2009.

8. Plaintiff Daniel Noble was employed with the Company from February 2013 until he terminated in September 2018.

9. At all times relevant to this Complaint, Defendant has employed Plaintiffs as tow truck drivers.

10. The Corporate Defendant is an employer as defined in A.R.S. § 23-350(3).

11. The prospective Class Members that Plaintiffs represent are current and former tow truck drivers of the Company, employed for some time during July 2016 to present ("Violative Period").

2

12.     At all times relevant to this Complaint, the Company has employed all prospective Class Members in the role of tow truck drivers during the Violative Period.

13.     Defendant is an employer as defined in 29 U.S.C. § 203(d).

14.     Plaintiffs and each prospective Class Member were Defendants' employees as defined in 29 U.S.C. § 203(3)(1) and Arizona law.

15.     Plaintiffs and each prospective Class Member were engaged in commerce on behalf of Defendant, as defined in the Fair Labor Standards Act ("the Act").  *See* 29 U.S.C. § 203(b); *see also* 29 C.F.R. § 776.9 ("[i]t is clear that the employees covered by the wage and hour provisions of the Act as employees 'engaged in commerce' are employees doing work involving or related to the movement of persons or things . . . among the several states or between any State and any place outside thereof.").

16.     Defendant is not exempt from paying Plaintiffs and each prospective Class Member for work performed as required by the Act and Arizona law.

17.     The acts and omissions forming the basis of this Complaint occurred in Arizona, primarily in Maricopa County.

18.     Jurisdiction and venue are appropriate in this Court pursuant to 29 U.S.C. § 216(b) and A.R.S. § 23-352 et seq.

## General Factual Allegations

19.     Defendants provide services to customers throughout the State of Arizona.

20.     As part of that service, Defendants employ tow truck drivers to transport customers' vehicles to various locations.

21.     Upon information and belief, Defendants have employed more than 30 tow truck drivers during the Violative Period.

22.     As tow truck drivers, Plaintiffs and each prospective Class Member, are/were non-exempt employees for Defendants.

23.     Defendants' policies and representations acknowledge that Plaintiffs and each prospective Class Member are/were non-exempt employees.

24.   Throughout all times relevant, Defendants misclassified its tow truck drivers as exempt/salaried employees.

25.   Though tow truck drivers were required to track their hours on time sheets, Defendants did not pay the truck drivers based upon the time sheets.

26.   Rather, all tow truck drivers are/were paid the same amount each pay period regardless of the number of hours worked.

**Allegations Regarding Required Free Work**

27.   Plaintiffs, and each prospective Class Member, is/was required to perform work for Defendants without compensation.

28.   Plaintiff Brian Pizer worked approximately 3.5 to 5.5 hours each week for which he was not paid.

29.   Plaintiff Daniel Noble worked approximately 8 to 12 hours each week for which he was not paid.

30.   Upon information and belief, each prospective Class Member was/is working between 3 and 12 hours each week for which he/she is/was not being paid.

31.   All of the work performed by Plaintiffs, and each prospective Class Member, was to benefit Defendants.

**Allegations Regarding Failure to Pay Overtime**

32.   Defendants created a payroll record that purports to pay Plaintiffs an hourly rate, an overtime rate, commissions, and a bonus ("payroll record").

33.   Plaintiffs, and each prospective Class Member, were not informed of and do not know what the "commission" and "bonus" figures represent.

34.   The payroll records do not represent the hours/time Plaintiffs worked.

35.   The payroll records do not accurately pay Plaintiffs, and each prospective Class Member, the overtime that each worked.

36.   The payroll records do not comport with Plaintiffs, and each prospective Class Member's, time sheets.

4

37.     The payroll records reflect that each Plaintiff and prospective Class Member is paid the same amount regardless of the time worked.

38.     Upon information and belief, the payroll records have been manipulated to create a salaried figure for the Plaintiffs and each prospective Class Member.

**Allegations Regarding Defendants' Willful Violation**

39.     Plaintiffs, and various Class Members, tracked the time worked on Defendants' behalf.

40.     Defendants created a payroll record that disregards the hours worked.

41.     Defendants created a payroll record that purports to pay an hourly and overtime rate.

42.     Defendants actually pay/paid Plaintiffs, and each prospective Class Member, the same amount each pay period regardless of the hours worked.

43.     Plaintiffs complained about Defendants' unlawful compensation.

44.     Defendants' creation of the payroll record, as well as other overt actions, represent willful violations.

**Collective Action and Class Allegations**

45.     Plaintiffs bring this Class Action/Collective Action on their own behalves, and pursuant to Arizona Rules of Civil Procedure, Rules 23(a), (b)(2) and (b)(3) and Section 216(b) of the Act, on behalf of the following prospective Class Members ("Class Members").

46.     The Class is initially defined as:  any current or former employee of Defendants engaged as a Tow Truck Driver from July 17, 2016 to date of filing.

47.     *Numerosity – Ariz.. R. Civ. P. 23(a)(1).*  The number of Class Members is so numerous that joinder of all individuals to a single complaint would be impractical.  Though the exact number of Class Members is unknown and in complete control of Defendants, based upon the number of facilities across the county, the number of front-line employees in these roles at any one time, and the significant turnover, it is reasonable to believe that there

are a minimum of 30 prospective Class Members.  The Class Members are readily identifiable from Defendants' employment and payroll records.

48.     *Commonality and Predominance – Ariz. R. Civ. P. 23(a)(2) and (b)(3).*  There are questions of law and fact common to all Class Members.  These common questions include, but are not limited to:

    a.   Did Defendants fail to pay Class Members for hours worked?

    b.   Did Defendants misclassify Class Members as exempt and fail to pay required overtime?

49. *Typicality – Ariz. R. Civ. P. 23(a)(3).*  Plaintiffs' claims are typical of all other Class Members.  Plaintiffs, like all other Class Members, were tow truck drivers that performed work for Defendants and were compensated/uncompensated in the same manner as other similarly-situated employees.

50. *Adequacy of Representation – Ariz. R. Civ. P. 23(a)(4).*  Plaintiffs will fairly and adequately represent the Class Members.  Plaintiffs were employees during the Violative Period; Plaintiffs have the same non-conflicting interests as the other Class Members.  Plaintiffs have retained competent counsel that has experience in litigating Class Action and Collective Action matters, including certified Class Actions that involve employment and commercial litigation claims, including wage and hour matters.  As such, the Class Members' claims will be fairly and adequately represented by Plaintiffs and their counsel.

51. *Superiority of Class Action – Ariz. R. Civ. P. 23(b)(3).*  A class action is superior to other available methods for adjudicating the claims effectively and efficiently.  The adjudication through class will avoid potentially inconsistent and conflicting results of the asserted claim.  There will be no difficulty in managing the Class, and a single adjudication of the claim will substantially benefit the Class Members and the Court.  Damages for individual Class Members are likely inadequate to justify the cost of individual litigation.  As such, absent class treatment, Defendants' willful violations of law inflicting significant damages in the aggregate would go unremedied.

52. Class certification is also appropriate under *Ariz. R. Civ. P. 23(a) and (b) (2)* because Defendants have acted or refused to act on grounds generally applicable to the Class Members, such that final injunctive relief or declaratory relief is appropriate to the Class as a whole.

53. For all of the reasons outlined above, this matter could also be conditionally certified as a Collective Action pursuant to Section 216(b) of the Act.

<u>**Claim: Violation of FLSA and State Laws (Minimum Wage/Overtime)**</u>
<u>**(Against All Defendants)**</u>

54. Plaintiffs re-allege and incorporate by reference paragraphs 1-53 as if fully set forth herein.

55. Defendants failed to pay Plaintiffs, and prospective Class Members, for work performed during the Violative Period in violation of the Act.

56. Defendants misclassified Plaintiffs, and prospective Class Members, as exempt employees and failed to pay required overtime in violation of state and federal laws.

57. Defendants created inaccurate records to support the misclassification and payment methods.

58. Defendants' failures were willful.

59. As such, Defendants failed to pay Plaintiffs and prospective Class Members the federal minimum wage and overtime.

60. Defendants' actions also violated Arizona law wage laws.

61. Plaintiffs, and each prospective Class Member, are entitled to recover all unpaid wages, withheld overtime, liquidated damages in an amount equal to the unpaid wages and overtime, reasonable attorneys' fees, and costs of the action.

62. In addition, Plaintiffs, and each prospective Class Member, are entitled to recover treble damages for Defendants' failures.

<u>**Relief Requested**</u>

**THEREFORE**, Plaintiffs, and each prospective Class Member, respectfully requests the following relief:

A. An award of unpaid wages in an amount appropriate to proof adduced at trial pursuant to 29 U.S.C. § 207 and 216(b).

B. An award of liquidated damages in an amount appropriate to the proof adduced at trial pursuant to 29 U.S.C. § 216(b).

C. Statutory penalties for willful violations of 26 U.S.C. § 7434;

D. Punitive damages and attorneys' fees and costs pursuant to 29 U.S.C. § 216(b);

E. Treble damages and attorneys' fees and costs pursuant to A.R.S. § 23-355;

F. Pre- and post-judgment interest on the amount of unpaid wages; and

G. An Injunction against Defendants prohibiting further, and continued violations, of the Act.

**DATED** this 15th day of August, 2019.

| The Foster Group, PLLC | BERGIN FRAKES SMALLEY & OBERHOLTZER, PLLC |
|---|---|
| */s/ Troy P. Foster* | */s/ Ken Frakes* |
| Troy P. Foster | Kenneth S. Frakes |
| 518 East Willetta Street | 4343 E. Camelback Road, #210 |
| Phoenix, Arizona 85004 | Phoenix, Arizona 85018 |
| *Counsel for Plaintiffs* | *Co-Counsel for Plaintiffs* |

CERTIFICATE OF SERICE I hereby certify that on the 15th day of August, 2019. I provided the following counsel with the documents electronically:

Amy Gittler
Jackson Lewis
agittler@jacksonlewis.com
Attorneys for Corporate Defendant and Ms. Rush

*/s/ Christina Garcia*

8

EXHIBIT J

1   Troy P. Foster #017229
    **The Foster Group, PLLC**
2   518 East Willetta Street
    Phoenix, Arizona 85004
3   Tel: 602-461-7990
    tfoster@thefosterlaw.com
4
5   *Attorneys for Plaintiffs*

6
                **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
7
                        **IN THE COUNTY OF MARICOPA**
8

9   BRIAN PIZER, a married man, and          Case No.: CV2019-010953
    DANIEL NOBLE, a married man, as
10  Individuals and on Behalf of Others
    Similarly Situated,                              **WAIVER OF SERVICE**
11
12                              Plaintiffs,
13  vs.
14  RUSH AUTO RECYCLERS, INC., an
    Arizona Corporation, JANET RUSH, an
15  individual, and DAN RUSH, an
    individual,
16
17                              Defendants.
18

19          ACKNOWLEDGMENT OF WAIVER OF SERVICE. I, Samuel Coffman, on

20  behalf of DAN RUSH, acknowledge receipt of your request that I waive service of a

21  summons with respect to the above-referenced action.

22          I also have received a copy of the Complaint and Certificate of Compulsory

23  Arbitration in the action, two copies of this Waiver of Service, and a means by which I can

24  return the signed waiver to you without cost to me.

25          I agree to save the cost of service of a summons and an additional copy of the

    complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting)

                                        1

be served with judicial process in the manner provided by the Arizona Rules of Civil Procedure.

I, Samuel Coffman, on behalf of DAN RUSH, will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

DEFAULT JUDGMENT. I understand that a judgment may be entered against DAN RUSH, if an answer or motion under Rule 12 is not served upon you within sixty (60) days after this waiver was sent, which was 08/15/2019, or within ninety (90) days after that date if the request was sent outside the United States. I swear or affirm under penalty of perjury that the contents of this Waiver are true and correct to the best of my knowledge and belief.

**I swear or affirm under penalty of perjury that the contents of this waiver are true and correct to the best of my knowledge and belief.**

D. Samuel Coffman, Esq.                              Date
Counsel Dan Rush

EXHIBIT K

Amy J. Gittler (State Bar No. 004977)
J. Alexander Dattilo (State Bar No. 030112
**JACKSON LEWIS P.C.**
2111 E. Highland Ave., Suite B-250
Phoenix, AZ  85016
Telephone: (602) 714-7044
Facsimile (602) 714-7045
Amy.Gitler@jacksonlewis.com
Alexander.Dattilo@jacksonlewis.com

Attorneys for Defendants Rush Auto Recyclers, Inc.
and Janet Rush

ARIZONA SUPERIOR COURT

MARICOPA COUNTY

| | |
|---|---|
| Brian Pizer, a married man, and Daniel Noble, a married man, as Individuals and on Behalf of Others Similarly Situated, | Case No.: CV2019-010953 |
| Plaintiffs, | **NOTICE OF FILING NOTICE OF REMOVAL** |
| vs. | |
| Rush Auto Recyclers, Inc., an Arizona Corporation; Janet Rush, an individual; and Dan Rush, an individual, | |
| Defendants. | |

Please take notice that pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendants Rush Auto Recyclers, Inc. and Janet Rush have removed this action from this Court to the U.S. District Court for the District of Arizona.  A true and correct copy of the Notice of Removal filed with the District Court (without attachments) is attached as Exhibit 1. As provided in 28 U.S.C. § 1446(d), this Notice effects the removal of this action, and this Court shall proceed no further unless and until this case is remanded.

DATED:  August 22, 2019.

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JACKSON LEWIS P.C.

By /s/ *Amy J. Gittler*
      Amy J. Gittler
      J. Alexander Dattilo
      Attorneys for Defendants Rush Auto
      Recyclers, Inc. and Janet Rush

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on August 22, 2019, I electronically filed the attached document to the Clerk of the Court and sent a copy of the foregoing via electronic mail to:

Troy P. Foster
The Foster Group, PLLC
518 East Willetta Street
Phoenix, Arizona 85004
tfoster@thefosterlaw.com

Kenneth Frakes
Bergin Frakes Smalley & Oberholtzer
4343 E. Camelback Road, #210
Phoenix, Arizona 85018
kfrakes@bfsolaw.com
*Attorneys for Plaintiffs*

Dale Samuel Coffman
Dickinson Wright PLLC
1850 N Central Ave., Ste. 1400
Phoenix, AZ 85004
scoffman@dickinsonwright.com
Attorney for Defendant Daniel Rush

By: */s/ Amalia Tafoya*

4828-4333-6094, v. 1